{¶ 6} On this appeal from an order of Judge Eileen A. Gallagher, I concur in judgment only because, although I agree that DeVaughn's motion failed to allege facts that would show manifest injustice, I believe that plea agreements contingent on the cooperation and receipt of pleas from several defendants require particular scrutiny to ensure fairness. Our system of justice does not allow one individual to accept punishment for another's actions and, therefore, I suggest that group plea agreements such as the one here, if used at all, require the judge to determine that a factual basis for finding guilt exists for all defendants before accepting such pleas.[1]
 {¶ 7} Even if a judge is not required to determine that a factual basis exists before accepting a guilty plea, a defendant who can show he pleaded guilty even though the evidence against him would not support a conviction is substantially likely to be able to show manifest injustice in a motion to withdraw the plea. Nevertheless, I agree that DeVaughn failed to allege facts showing the lack of a sufficient factual basis for his plea, or that he received ineffective assistance of counsel. Even though he was absent from the premises at the time the search warrant was executed, there was other evidence linking him to the premises and the people in it. The circumstances were such that the judge reasonably could have believed the other persons involved would implicate DeVaughn in criminal conduct, and DeVaughn reasonably could have pleaded guilty to avoid the possibility that others would testify against him. While I question the majority's use of DeVaughn's guilty plea to criminal gang activity[2] as an indication of his constructive possession of the drugs,[3] I nonetheless believe the record shows sufficient involvement in criminal activity and that his motion to withdraw does not adequately allege facts showing his lack of involvement in that activity. Therefore, I concur in the judgment only.
 {¶ 8} It is ordered that appellee recover of appellant its costs herein taxed.
 {¶ 9} The court finds there were reasonable grounds for this appeal.
 {¶ 10} It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
[1] See, e.g., North Carolina v. Alford (1970), 400 U.S. 25, 38,91 S.Ct. 160, 27 L.Ed.2d 162 (guilty plea accompanied by claim of innocence is constitutionally acceptable if a factual basis supports finding of guilt).
[2] R.C. 2923.42.
[3] Although DeVaughn's motion did not specifically address this charge, he sought to withdraw his entire guilty plea, thereby suggesting that the criminal gang activity charge could not stand if the evidence was insufficient to support the possession and trafficking charges. Therefore, his silence on the criminal gang activity charge should not be used to support a finding of constructive possession for the drug charges.